IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MILAN NIKOLIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:02-cv-2-F |
| | ) | WO |
| BILLY OWENS and WILLIAM H. | ) | |
| PRYOR, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This cause is before the Court on the Plaintiff's Motion to Reopen Time for Appeal of Recommendation of the Magistrate Judge and to Reopen Time for Appeal of Entry of Judgment and Order (Doc. #52). In his Motion, Plaintiff argues that he should be given additional time to appeal pursuant to 28 U.S.C. § 2107 because he did not receive notice from the Clerk's office of the actions taken in his case. The Magistrate Judge's Report and Recommendation (Doc. #49) was entered on September 1, 2004. The Court's Order adopting the Report and Recommendation and dismissing Plaintiff's case, along with a Final Judgment to that affect, was entered on September 28, 2004. Plaintiff filed his Motion to Reopen Time on March 28, 2005.

28 U.S.C. § 2107(c) provides in pertinent part as follows:

> if the district court finds -- (1) that a party entitled to notice of
> the entry of a judgment or order did not receive such notice from
> the clerk or any party within 21 days of its entry, and (2) that no
> party would be prejudiced, the district court may, upon motion
> filed within 180 days after entry of the judgment or order or

> within 7 days after receipt of such notice, whichever is earlier,
> reopen the time for appeal for a period of 14 days from the date
> of entry of the order reopening the time for appeal.

Upon consideration of this statute and the Plaintiff's Motion, it is hereby

ORDERED that on or before June 6, 2005, Plaintiff shall file with this Court evidence in the form of either an affidavit or a declaration[1] addressing the following issues:

(1) whether notice of the entry of the Magistrate Judge's Report and Recommendation, the Court's Order, and the Final Judgment was received by the Plaintiff from the Clerk's office;

(2) if not, how the Plaintiff came upon notice that these events occurred; and

(3) the date on which the Plaintiff first received notice that these events occurred.

The Clerk is DIRECTED to provide a copy of this Order to the Plaintiff at his most recent address as stated in his Notice of Change of Address (Doc. #53), filed April 6, 2005.

DONE this 16th day of May, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] An affidavit is a sworn statement based on personal knowledge that is signed by the affiant and witnessed by a notary.  A declaration is a sworn statement based on personal knowledge, which states that it is made under penalty of perjury, that is signed by the declarant but does not need to be notarized.  *See* 28 U.S.C. § 1746.